UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:08-00204 |
| | ) | JUDGE CAMPBELL |
| DARRYL DESHAUN HUMPHREY | ) | |

## ORDER

Pending before the Court are the Defendant's "Petition The District Court Under 18 U.S.C. § 3742(a)(2), To Review And Correct The Error Of An Incorrect Application Of The Sentencing Guidelines" (Docket No. 156); the Government's Response (Docket No. 158) in opposition; and the Defendant's reply brief (Docket No. 159).

On May 10, 2011, the Defendant pled guilty before Judge William J. Haynes, Jr. to a drug trafficking charge, and at the subsequent sentencing hearing, on August 19, 2011, Judge Haynes imposed a sentence of 120 months of imprisonment and three years of supervised release. (Docket Nos. 85, 86, 106, 112, 113). As part of the sentence, Judge Haynes recommended that the Defendant receive 42 months of credit toward his sentence, but explicitly advised the Defendant that the decision would be up to the Bureau of Prisons. (Docket No. 125, at 70). On two separate occasions, the Defendant requested that Judge Haynes amend the judgment to award him 42 months of sentencing credit, and Judge Haynes declined the request. (Docket Nos. 129, 131, 138, 140). The case was subsequently transferred to the undersigned Judge.

Through the Petition, the Defendant requests that the Court award him presentence credits for any period that is not credited to him by the Bureau of Prisons ("BOP"). The

Defendant contends that the BOP has awarded him only nine months of the 42 months recommended by Judge Haynes, and that the Court should order the BOP to award the other 33 months of credit. The Defendant has attached to the Motion documents in which the BOP rejects his request for the remaining 33 months of credit, explaining that that period of time was credited toward his state sentence, and thus, cannot be credited toward his federal sentence. Those documents also indicate that the Defendant had, at some point, filed an action in the District Court for the District of South Carolina requesting the same relief.

In making the request in the pending Petition, the Defendant relies on 18 U.S.C. § 3742(a)(2), which provides:

> (a) Appeal by a defendant.--A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence–
>
> * * *
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines;

This statute governs appellate review of a sentence in a criminal case, and does not authorize this Court to amend the Defendant's sentence five years after it was imposed.

A district court has the authority to alter a sentence only in certain narrow circumstances: (1) to correct a "clear error" within fourteen days after imposition of sentence, Fed.R.Crim.P. 35(a); (2) to correct a clerical error at any time, Fed.R.Crim.P. 36; (3) to grant a motion made by the Government for a reduced sentence, Fed.R.Crim.P. 35(b); (4) to correct a sentence upon remand from a higher court, 18 U.S.C. § 3742; (5) to apply a Sentencing Guideline made retroactive, or to the extent otherwise expressly permitted by statute, 18 U.S.C. § 3582(c)(1)(B), (c)(2); and (6) upon a motion by the Director of the Bureau of Prisons, 18 U.S.C. § 3582(c)(1). United States v. Penson, 526 F.3d 331(6th Cir. 2008); United States v. Robinson, 368 F.3d 653, 656-57 (6th Cir. 2004). The Defendant has not established that this case falls within any of these

categories. Accordingly, Defendant's Petition (Docket No. 156) is DENIED.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE